# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE STATE OF DELAWARE, UPON THE RELATION OF THE SECRETARY OF THE DEPARTMENT OF TRANSPORTATION )
)
)
)
)
)

    Plaintiff, )
)

    v. )      C.A. No. S21C-07-016 MHC
)

PITB, LLC, A Delaware Limited Liability Company, 185,651.4503 SQUARE FEET (4.262 ACRES OF LAND; ALL OF TAX MAP AND PARCEL NUMBER 235-8.00-83.00 SITUATE IN BROADKILL HUNDRED, )
)
)
)
)
)
)
)

and )
)

STAFFORD STREET CAPITAL, LLC, a Delaware Limited liability Company; 11,000.00 SQUARE FEET (.2525 ACRES) OF NUMBER 235-8.00-83.00 SITUTAE IN BROADKILL HUNDRED, )
)
)
)
)
)

and )
)

BRUCE S. GEYER, a resident of the State of Delaware. )
)
)

    Defendants. )

Submitted: February 26, 2024
Decided: February 29, 2024

**ORDER REFUSING TO CERTIFY DEFENDANTS' JOINT
CERTIFICATION OF INTERLOCUTORY APPEAL**

Upon Consideration of Defendants', PITB, LLC ("PITB"), Stafford Street Capital, LLC ("Stafford Street"), and Bruce Geyer ("Geyer"), Application for Certification of Interlocutory Appeal, it appears to this Court that:

1. On July 23, 2021, Plaintiff DelDOT filed a condemnation action to acquire property held by the Defendants under Title 17, Sections 132 and 137, and Title 29, Chapter 84, Section 8406(1)(a) of the Delaware Code.[1] DelDOT acquired the property for a highway construction project to improve the safety and capacity of the intersection of Route 1 and Route 16.[2] This matter has been heavily litigated as evidenced by the passage of time from the initial filing date.

2. Defendants filed a motion for instruction seeking clarification as to how the value of the condemned property was to be assessed by experts and ultimately presented to the Court. This Court held oral argument on October 20, 2023, subsequent briefings were filed, and in a February 6, 2024, Letter Opinion ("Letter Opinion") this Court held:

> First, Delaware Court's must follow the Unit Rule (also referred to as the Undivided Fee Rule) when determining the fair market value of a property comprised of multiple interests or estates in a condemnation action. Second, income generated from billboards is business income, not rental income, and therefore not compensable in a condemnation action.[3]

---

[1] Pl. Compl. ⁋ 2.
[2] Pl. Compl. ⁋ 11.
[3] *DelDOT v. PITB, LLC*, 2024 WL 489062, at *1 (Del. Super. Ct. Feb. 6, 2024).

3.      Defendants filed their Application for Certification of Interlocutory Appeal on February 16, 2024.  DelDOT filed their response on February 26, 2024.

4.      In deciding whether to certify Defendants' appeal this Court must consider the following: Supreme Court Rule 42(b)(i) "[n]o interlocutory appeal will be certified by the trial court or accepted by [the Delaware Supreme] Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.";[4] (b)(ii)" [i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources.";[5] and the eight factors listed in (b)(iii).[6]

5.      Defendants contend they meet the criteria required for an interlocutory appeal required under Supreme Court Rule 42(b)(iii)(A), 42(b)(iii)(C), 42(b)(iii)(E),

---

[4] Supr. Ct. R. 42 (b)(i).
[5] Supr. Ct. R. 42 (b)(ii).
[6] (A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.

and 42(b)(iii)(H). They further contend that interlocutory review will conserve judicial resources. DelDOT opposes this application.

6. After considering Defendants' joint application, the Court finds that while the instructions provided to the parties in the Letter Opinion do determine an issue of material importance, it does not determine an issue of material importance sufficient to warrant appellate review before the determination of judgment is reached in this Court. Further, granting this application would disrupt and cause delay in an already heavily litigated matter already scheduled for trial once. Additionally, the Court has considered each of the criteria of Delaware Supreme Court Rule 42(b)(iii) and concludes as follows to the criterion specifically raised by Defendants:

a. **Rule 42(b)(iii)(A).** The issues in this matter are admittedly of first impression in Delaware. However, this factor alone is not sufficient to outweigh the inefficiencies and additional costs likely to be incurred by interlocutory appellate review.

b. **Rule 42(b)(iii)(C).** Defendants contend that the Letter Opinion is inconsistent with 10 *Del. C.* § 6108(g) because that statute uses plural language when discussing "parties" and "awards" in condemnation actions. The Letter Opinion does not stand for the contention that multiple parties will not ultimately be justly compensated in a condemnation action such as this where there are multiple parties

4

with an interest in property, it is therefore not inconsistent with that statute. In reaching its decision this Court considered the language of the 126th General Assembly, which stated:

> WHEREAS, the Federal Uniform Relocation Assistance and Real Property Acquisition Act of 1970 establishes a new and different program of relocation assistance and uniform real property acquisition policy; and …WHEREAS, continued eligibility of the State of Delaware for various types of Federal Aid is made contingent open compliance with the terms and provisions of the Uniform Relocation Assistance and Real Property Acquisition Act of 1970.[7]

As the Letter Opinion makes clear the Uniform Relocation Assistance and Real Property Acquisition Act of 1970 require the application of the Unit Rule.

    c.    **Rule 42(b)(iii(E).** Defendants argue the Letter Opinion "is arguably inconsistent with cases such as *Teachers Ins. And Annuity Ass'n*[8] and its progeny."[9] This argument ignores *Catawba* (a case in that progeny) which stated:

> [The] *Teachers Insurance*[10] ruling was imported into the law of eminent domain by the Superior Court in *State v. Haskins Revocable Trust*,[11] even though that case did not specifically involve the leased fee method of valuation.
> These cases, however, deal only with the methodology to be employed in determining fair market value. They do not explicitly or implicitly alter the substantive law regarding what must be compensated for in a taking by eminent domain. As noted previously, that law precludes recovery for lost income.[12]

---

[7] 126th General Assembly, 58 Del. Laws, c. 413, SB 626.
[8] *New Castle Cnty. Dep't of Fin. v. Teachers Ins. & Annuity Ass'n*, 669 A.2d 100 (Del. 1995).
[9] Defs. Joint Application at 10.
[10] 669 A.2d 100 (Del. 1995).
[11] 732 A.2d 246 (Del. Super. Ct. 1997).
[12] *State v. Catawba Associates*, 2005 WL 481390, at *3 (Del. Super. Ct. Feb. 23, 2005).

The holdings of *Davis Concrete*[13] and *Catwba*[14] make it clear this Court has not set aside prior decisions.

        d.      **Rule 42(b)(iii)(H).**  Defendants argue that interlocutory review will serve considerations of justice by eliminating the possibility of a second trial, ultimately conserving judicial resources.[15]  This potential benefit of interlocutory review is significantly outweighed by the probable time and costs associated with such review.  Refusing interlocutory review is the most judicially efficient way to proceed in such a heavily ligated and slow moving matter all but destined for appeal from the final judgment of this Court.

7.     The potential limited benefits of a determination from our Supreme Court on these narrow issues are not outweighed by the costs and judicial resources required to reach such a determination. The most expeditious and judicially efficient way to proceed forward from this point is without interlocutory review.  Therefore, the interests of justice will not be served with interlocutory review.

---

[13] *State ex rel. Sec'y of Dep't of Highways & Transp. v. Davis Concrete of Delaware, Inc.*, 355 A.2d 883 (Del. 1976).
[14] *Catawba*, 2005 WL 481390.
[15] Defs. Joint Application at 10.

**THEREFORE**, Defendants' Application for Certification of Interlocutory Appeal is **REFUSED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary